IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| In re Barbara Reed,<br><br>Petitioner. | §<br>§<br>§  Case no. 4:16-MC-1964<br>§<br>§ |

## PETITIONER BARBARA REED'S FIRST AMENDED VERIFIED PETITION TO PERPETUATE HER OWN TESTIMONY DUE TO HER ASBESTOS RELATED MESOTHELIOMA DISEASE

Petitioner, Barbara Reed, respectfully files her First Amended Verified Petition to Perpetuate her own Testimony and requests an order authorizing her to take a deposition to perpetuate her own testimony for use in her anticipated suit, as authorized by Federal Rule of Civil Procedure 27. In support of her petition, Ms. Reed shows the Court the following:

**I.  Petitioner Barbara Reed**

1.  Petitioner Barbara Reed is an individual residing at 13808 Violet Road, Anamosa, Iowa 52205. Ms. Reed was diagnosed with Mesothelioma on April 26, 2016. Ms. Reed is being treated by and is participating in a clinical trial by David Sugarbaker, M.D. at Baylor College of Medicine in Houston. She underwent a pneumonectomy (removal of her right lung) on July 20, 2016.

2.  Before difficulty breathing took Ms. Reed to the doctor in spring 2016 and led to her diagnosis, she worked out regularly with a trainer and was a fit and trim 150 pounds. Between her diagnosis in April 2016 and her pneumonectomy at the end of July, Ms. Reed lost twenty pounds. Since her surgery, Ms. Reed has lost an additional 15 pounds and currently weighs 115 pounds. After the surgery, Ms. Reed spent two weeks in the ICU and two additional weeks in Houston recovering enough to travel home to Iowa.

Throughout the first three weeks of September 2016 (*ie* over a month after her surgery), Ms. Reed experienced low blood pressure making it difficult, and sometimes impossible, to walk around her house, bath on her own, or even stand at times. She is in constant pain (in her head and chest) and her quality of life and activity level are extremely diminished. She stopped working at her full time job two weeks before her surgery in July 2016 and has not been well enough to even contemplate returning to work since early July. If Ms. Reed cannot gain back the weight she has lost since her pneumonectomy by her next appointment at the Baylor College of Medicine on October 11, 2016, she will not be eligible for chemotherapy treatment in October. She will continue to attempt to gain weight and continue to be evaluated by her doctors to determine if her gravely compromised body can withstand the rigors of chemotherapy. It is unlikely that Ms. Reed will gain back the weight by her October appointment and her prospects if she does not receive the chemotherapy treatment are not good.

3. Ms. Reed sustained exposure to asbestos while working in the Plastics Mold Cleaning and Bakelite departments at the Square D manufacturing plant in Cedar Rapids, Iowa from 1971 to 1976.

   a. **Plastics Mold Cleaning Department:** From about 1971 to about 1973, Ms. Reed worked in the Plastics Mold Cleaning Department at the Square D plant in Cedar Rapids, Iowa. Her job was to place recently molded asbestos-containing plastic parts into a sandblasting machine. The machine sandblasted rough edges off the newly molded asbestos-containing parts. After the sandblasting was finished, Ms. Reed picked up the parts by hand and placed them under compressed air to blow out the

sand and remaining dust and particles loosened by the sandblasting process. The compressed air remained on at all times because Ms. Reed was required to clean parts with the air continuously. The sandblasting machine had an approximate four foot wide by three foot high opening through which Ms. Reed was required to place the freshly molded plastic parts into bins that were on a rotating conveyer belt inside the machine. The sandblasting ran continuously while the bins of parts rotated through. The dust from the process continuously flowed out of the opening of the machine where Ms. Reed was standing. On occasion, the sandblasting machine would get clogged at which time it would expel large amounts of dust and had to then be turned off while maintenance repaired the machine. After sandblasting, Ms. Reed was required to hand paint the on/off indentations on the plastic parts in white paint. Fans positioned at each end of the painting table continuously blew on the freshly painted parts to expedite the drying process. At the end of each shift, Ms. Reed was required to sweep up the dust that accumulated on the floor of her work area.

b. **Bakelite Department:** From about 1973 to about 1976, Ms. Reed worked in the Bakelite Department also known as the Plastics Molding Department at the Square D plant in Cedar Rapids, Iowa. Ms. Reed's job was to open boxes of raw, asbestos-containing material and open the plastic liner inside the box. She was then required to remove blocks of raw asbestos-containing plastic molding compound (also known as briquettes)

and measure the precise amount needed to fill a mold by weight. Individual blocks or briquettes were rarely, if ever, the exact amount of material need for a particular mold and thus, she was required to break the blocks or briquettes in order to obtain additional material to reach the correct weight. Once the correct amount was weighed, Ms. Reed placed that asbestos-containing material into the mold. While the machine was molding the plastic part, Ms. Reed was required to file off the roughest edges of the previously molded part that she had removed from the mold.

4.  Ms. Reed anticipates filing an action that is cognizable in a United States court against her employer at the manufacturing plant in Cedar Rapids, Iowa and against the suppliers of raw asbestos and asbestos-containing phenolic compounds to the plant from approximately 1971 to 1976. She cannot presently bring this action because her attorneys are still investigating her claims and preparing her lawsuit.

5.  Ms. Reed's attorneys are actively investigating her claims in order to file a Complaint that meets the pleading standard. As part of their due diligence, counsel travelled to Cedar Rapids in July 2016 and August 2016. There, they interviewed six of Ms. Reed's former co-workers at the Square D Plant in Cedar Rapids. A seventh co-worker has been interviewed over the phone. Through these interviews, counsel has learned the names and some contact information for at least 20 more co-workers and is attempting to locate them for interviews as well. Two of the former co-workers that Ms. Reed's attorneys learned about most recently purportedly had some responsibility for ordering raw materials for the departments that Ms. Reed worked in. Thus, the investigation is ongoing and Ms. Reed's attorneys are diligently working to identify the asbestos-containing products that

-4-

EXHIBIT A

Ms. Reed was exposed to and thus, to identify the proper defendants for Ms. Reed's anticipated suit.

6. Due to the exigent circumstances of her severely compromised health (see paragraph 2, above), Ms. Reed asks the Court for an order authorizing her oral and videotaped deposition for use in her anticipated suit. Although Ms. Reed's attorneys are actively investigating her claims and preparing her lawsuit, given the quickly deteriorating effects of Mesothelioma and her pneumonectomy, Ms. Reed could succumb to her illness before her attorneys can complete their investigation, file suit, and schedule her deposition. It is imperative that Ms. Reed's deposition occur as soon as possible (*ie* 21 days after this Petition is served on the potential adverse parties listed below, see Fed. R. Civ. Proc. 27(a)(2)).

7. Ms. Reed is the only person who has knowledge of certain material facts concerning her exposure to asbestos and her injuries from that exposure. Her testimony is relevant and material to her anticipated suit. Ms. Reed seeks to perpetuate her own testimony regarding her occupational exposure to asbestos while working in the Plastics Mold Cleaning and Bakelite departments at the Square D manufacturing plant in Cedar Rapids, Iowa from 1971 to 1976 (as described above). She also seeks to perpetuate her testimony regarding her injuries from Mesothelioma.

**II. Potential Adverse Parties:**

**A. Ms. Reed's former employer:**

8. Schneider Electric USA Inc.
Boston One Campus
800 Federal Street
Andover, MA 01810

**B. Suppliers of phenolic compounds to the Square D plant in Cedar Rapids, Iowa 1971 to 1976:**

9. General Electric Company
   1 River Road
   Schenectady, NY 12345

10. Occidental Petroleum Company
    5 Greenway Plaza
    Houston, Texas 77046-0506

11. Plastics Engineering Company
    3518 Lakeshore Road
    P.O. Box 758
    Sheboygan, WI 53082-0758

12. Reichhold Inc.
    1035 Swabia Court
    Durham, NC 27703

13. Rogers Corporation
    One Technology Drive
    P.O. Box 188
    Rogers, CT 06263

14. Solvay America Inc. as successor-in-interest to Cytec Industries Inc. as successor-in-interest to Fiberite Inc.
    3737 Buffalo Speedway, Suite 800
    Houston, TX 77098

15. Union Carbide Corporation
    1254 Enclave Pkwy
    Houston, TX 77077

16. Potentially existing unknown suppliers of raw asbestos and/or asbestos-containing phenolic compounds to the Square D plant in Cedar Rapids, Iowa 1971 to 1976. (Ms. Reed's counsel is engaged in an ongoing and diligent investigation to identify any as-yet-unknown adverse parties, if any exist, and thus describes them here "so far as known", see Fed. R. Civ. Proc. 27(a)(1)(D).)

**EXHIBIT A**

### III. Venue

17.   This District is a proper venue for this petition because two potential adverse parties reside in the Southern District of Texas. See Fed. R. Civ. Proc. 27(a)(1). Solvay America Inc. as successor-in-interest to Cytec Industries Inc. as successor-in-interest to Fiberite Inc. and Union Carbide Corporation are headquartered in Houston, Texas.

### IV. Federal Jurisdiction Would Exist in Anticipated Suit

18.   A federal district court would have diversity jurisdiction over Ms. Reed's anticipated lawsuit because Ms. Reed's damages are—and thus the amount in controversy will be—greater than $75,000 and because Ms. Reed (the anticipated plaintiff) is not a citizen of the same state as any of the known potential adverse parties listed above in Section II. See 28 U.S.C. § 1332(a).

19.   Ms. Reed's medical bills from just her pneumonectomy and two subsequent weeks in the ICU are well in excess of $750,000.

20.   Ms. Reed is a resident of Iowa. Upon information and belief, Schneider Electric USA Inc. is headquartered in Andover, Massachusetts; Solvay America Inc. is headquartered in Houston, Texas and incorporated in Delaware; Union Carbide Corporation is headquartered in Houston, Texas and incorporated in New York; Reichhold Inc. is headquartered in North Carolina and incorporated in Delaware; General Electric Company is headquartered and incorporated in New York; Occidental Petroleum Company is headquartered in Los Angeles, California and incorporated in Delaware; Plastics Engineering Company is headquartered and incorporated in Wisconsin; and Rogers Corporation is headquartered on Connecticut and incorporated in Massachusetts.

Case 1:18-cv-00095-CJW-MAR   Document 1-1   Filed 09/05/18   Page 7 of 10   EXHIBIT A

## V. Request for Hearing

21. Due to the exigent circumstances of her compromised health, Petitioner respectfully requests that the Court hold a hearing as scheduled on September 22, 2016 (doc. 17). This date of the scheduled hearing is at least 21 days after service (docs. 9-16) of the original Petition on the potential adverse parties listed above. See Fed. R. Civ. Proc. 27(a)(2).

## VI. Prayer

22. For these reasons, Petitioner Barbara Reed requests that after a hearing, the Court find that a pre-suit oral and videotaped deposition of Ms. Reed in order to perpetuate her testimony—regarding her injuries from mesothelioma and her occupational exposure to asbestos—may prevent the failure or delay of justice in Ms. Reed's anticipated lawsuit. See Fed. R. Civ. Proc. 27(a)(3).

Respectfully submitted,
HENDLER LYONS FLORES, PLLC.

By: _____
Scott M. Hendler
Texas Bar No. 09445500
shendler@hendlerlaw.com

Rebecca Ruth Webber
Texas Bar No. 24060805
rwebber@hendlerlaw.com

1301 West 25th Street, Suite 400
Austin, Texas 78705
Telephone: 512-439-3202
Facsimile: 512)-439-3201

ATTORNEYS FOR PETITIONER

## CERTIFICATE OF SERVICE

I certify that *Petitioner Barbara Reed's First Amended Verified Petition to Perpetuate her Own Testimony Due to her Asbestos Related Mesothelioma Disease* was served to all counsel of record via the CM/ECF system on September 21, 2016.

                                               _____
                                               Scott M. Hendler

## DECLARATION OF PETITIONER BARBARA REED

I, Barbara Reed, declare under penalty of perjury that the facts stated in Petitioner Barbara Reed's First Amended Verified Petition to Perpetuate Testimony are true and correct.

Executed on September 20, 2016.

*Barbara Reed*
Barbara Reed

**EXHIBIT A**